UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D.R.,[1] | Case No. 25-cv-08535-PHK |
| Plaintiff, | **ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS** |
| v. | |
| FRANK BISIGNANO, | Re: Dkt. 9 |
| Defendant. | |

On October 7, 2025, Plaintiff D.R. ("Plaintiff") filed a Complaint in this action seeking judicial review of a final decision by the Commissioner of the Social Security Administration, Defendant Frank Bisignano ("Commissioner"), denying Plaintiff's application for disability insurance benefits. [Dkt. 1]. The Parties thereafter consented to proceed before a Magistrate Judge for all purposes, including entry of a final judgment under 28 U.S.C. § 636(c). [Dkt. 5; Dkt. 6].

On December 4, 2025, the Commissioner filed the Administrative Record, in accordance with Rule 4 of the Supplemental Rules for Social Security Actions. [Dkt. 7]. By operation of the procedural rules, Plaintiff's opening brief for the requested relief was due within thirty days of the filing of the administrative record. *See* Dkt. 3.

On January 3, 2026, Plaintiff filed a motion requesting an additional twenty-one days to file an opening brief. [Dkt. 8]. The Court granted the request and ordered Plaintiff to file the

---

[1] In actions involving requested review of a decision by the Commissioner of the Social Security Administration, the Court generally uses the first name and initial of last name (or just the initials) of the plaintiff in the Court's public Orders out of an abundance of caution and out of regard for any potential privacy concerns on plaintiff's behalf.

United States District Court
Northern District of California

opening brief by January 26, 2026.  [Dkt. 9].

To date, Plaintiff has neither filed an opening brief nor requested a further extension of time from the Court to do so.  The January 26, 2026 deadline for filing an opening brief has passed by three months without any communication from Plaintiff to the Court.

The Court possesses the inherent power to dismiss an action *sua sponte* if the plaintiff fails to prosecute or comply with court orders.  Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders).  Plaintiff has failed to comply with the Order granting the extension and setting the January 26, 2026 deadline to file the opening brief.  By failing to communicate with the Court since early January, Plaintiff has also demonstrated a failure to prosecute this case.  Plaintiff is hereby warned that failure to comply with this Court's orders and failure to prosecute this case, including failure to respond to this Order to Show Cause and further including failure to file an opening brief by the deadline, will result in negative consequences for Plaintiff, **including dismissal of this action**.

Accordingly, by no later than **MAY 29, 2026**, Plaintiff shall file either (1) a written response to this Order to Show Cause explaining why this action should not be dismissed for failure to prosecute this case or for failure to comply with this Court's directives and orders, or (2) an opening brief as required by Supplemental Rule 6.  If Plaintiff needs yet additional time to prepare and file an opening brief, Plaintiff **SHALL** show good cause as to why and how much additional time is needed and **SHALL** show good cause as to why a further stipulation to extend time was not sought or reached.  If Plaintiff fails to respond to this Order to Show Cause by the May 29, 2026 deadline, the Court will issue an order dismissing this case without prejudice for failure to prosecute and failure to comply with court orders.

**IT IS SO ORDERED.**

Dated:  April 27, 2026

_____
PETER H. KANG
United States Magistrate Judge

2